UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS,<br><br>Petitioner,<br><br>v.<br><br>HON. JANIS SAMMARTINO, et al.,<br><br>Respondent. | Case No.:  20cv0195 GPC (AGS)<br><br>**ORDER: (1)  DENYING SECOND MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 12] AS MOOT; and (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and (3) DENYING REQUEST FOR EXTENSION OF TIME AS MOOT [ECF NO. 10]** |

Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 15, 2020, to the United States District Court for the Central District of California.  (ECF No. 1.)  On January 30, 2020, the case was transferred to this Court.  (ECF No. 3.)  This Court dismissed the action without prejudice and with leave to amend on February 19, 2020, and Petitioner was given until April 6, 2020 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, and to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order.  (*Id.*)

On March 23, 2020, Petitioner filed a Motion to Proceed in Forma Pauperis and a First Amended Petition.  (ECF Nos. 7-8.)  On April 6, 2020, the Court granted the Motion to Proceed in Forma Pauperis and dismissed the case without prejudice and with

leave to amend.  (ECF No. 9.)  Petitioner was given until June 5, 2020, to file a Second Amended Petition.  (*Id.*)

On April 22, 2020, Petitioner filed a Second Amended Petition and a second Motion to Proceed in Forma Pauperis.  (ECF Nos. 11-12.)

## MOTION TO PROCEED IN FORMA PAPERIS

Petitioner was granted in forma pauperis status on April 6, 2020.  (ECF No. 9.) Accordingly the Court DENIES Petitioner's second Motion to Proceed in Forma Pauperis [ECF No. 12] as moot.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has again failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id*.

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id*.  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden

of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895. Here, Petitioner has incorrectly named "Hon. Janis Sammartino, Warden David Baughman, United States Department of Justice, Attorney General, and Judge Thompson," as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Petitioner has also failed to demonstrate he has exhausted his state judicial remedies with respect to his claims. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme

Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

On the first page of his Petition, Petitioner refers to section 1983. (Am. Pet., ECF No. 11 at 1.) In the body of the petition he claims he was placed in a cell with another inmate who was positive for the COVID-19 virus and that he was attacked and beaten by prison guards. (*Id.* at 2-6.) These claims are not cognizable on federal habeas corpus review because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a 42 U.S.C. § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988). Thus, to present a

cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).  In the Petition, Petitioner asks to be paroled and to have his strike convictions stricken pursuant to *Romero v. Superior Court*.  (ECF No. 11 at 4-5.)  While Petitioner seeks to be released from custody, he does not claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the request to proceed in forma pauperis as moot and **DISMISSES** the case without prejudice and with leave to amend.  If Petitioner wishes to challenge the validity of his state court conviction or sentence and have this case reopened, he must, **no later than July 6, 2020**, submit a Third Amended Petition that cures the pleading deficiencies outlined in this Order.  If Petitioner wishes to challenge the conditions of his confinement pursuant to 42 U.S.C. § 1983, he must file a new case with a new 42 U.S.C. § 1983 complaint which will be given a new case number.  Petitioner is cautioned that if he does not file a Third Amended Petition that cures the pleading deficiencies outlined in this Order, he will not be given further leave to amend and will have to file a new habeas corpus petition that will be given a new case number.

*The Clerk of Court is directed to mail Petitioner a blank Second Amended Petition pursuant to 28 U.S.C. § 2254 form and a blank Civil Rights Complaint pursuant to 42 U.S.C. § 1983 form together with a copy of this Order*.

The Court also DENIES Petitioner's request for extension of time to file his amended petition as moot.

**IT IS SO ORDERED.**

Dated:  April 29, 2020

Hon. Gonzalo P. Curiel
United States District Judge